# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
OFFICE OF THE CLERK
www.miwd.uscourts.gov

| 399 Federal Bldg. | B-35 Federal Bldg. | 113 Federal Bldg. | 229 Federal Bldg. |
|---|---|---|---|
| 110 Michigan St., NW | 410 W. Michigan Ave. | 315 W. Allegan St. | 202 W. Washington St. |
| Grand Rapids, MI 49503 | Kalamazoo, MI 49007 | Lansing, MI 48933 | Marquette, MI 49855 |
| (616) 456-2381 | (269) 337-5706 | (517) 377-1559 | (906) 226-2021 |

June 4, 2009




____ FILED
____ LODGED
____ RECEIVED

**MAIL**

Clerk, U.S. District Court
U.S. Courthouse, Lobby Level
700 Stewart Street
Seattle WA 98101-1271

JUN 08 2009



AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

RE:   USA v. William S. Poff
      OUR Case No. 1:09mj335  Hon. Joseph G. Scoville
      YOUR Case No. CR09-160 JLR

Dear Court Personnel:

Pursuant to the Rule 5 transfer over the above-named defendant to the Western District of Washington filed June 4th, 2009, we are herewith sending certified copies of our Commitment to Another District and docket sheet.

The documents that make up the case file are available electronically through PACER. Please contact our e-filing help desk via email at ecfhelp@miwd.uscourts.gov if you need further assistance.

Please acknowledge receipt of this transfer case by returning a date-stamped copy of this letter to our court in the enclosed self-addressed envelope. Thank you.

                              Sincerely,

                              Tracey Cordes, Clerk

                                /s/ D. Hand

                              By: Deputy Clerk



09-CR-00160-RCPT

AO 467 (Rev. 9/03) Order for Defendant to Appear

# UNITED STATES DISTRICT COURT

__WESTERN__ DISTRICT OF __MICHIGAN__

UNITED STATES OF AMERICA

V.

WILLIAM S. POFF

**ORDER THAT DEFENDANT APPEAR IN DISTRICT OF PROSECUTION OR DISTRICT HAVING PROBATION JURISDICTION AND TRANSFERRING BAIL**

CASE NUMBER: 1:09-mj-335

CHARGING DISTRICT'S
CASE NUMBER: CR09-160 JLR

The defendant having appeared before this Court and proceedings having been concluded and the defendant released;

IT IS ORDERED that the defendant be held to answer in the United States District Court for the __Western__ District of __Washington__; and that the Clerk of Court shall transfer any bail deposited into the Registry of this Court, to the Clerk of the __Western__ District of __Washington__ for deposit into the registry of that Court.

The defendant shall appear at all proceedings as required. The defendant shall next appear at (if blank, to be notified) the United States District Court for the Western District of Washington at Seattle

on __Thur., June 17, 2009 at 2:30 p.m.__
*Date and Time*

/s/ Joseph G. Scoville
*Signature of Judge*

June 04, 2009                    United States Magistrate Judge
*Date*                           *Title of Judicial Officer*

Certified as a True Copy
By _____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 6-4-09

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | W.D. of Washington |
| Plaintiff, ) | Case No. CR09-160 JLR |
| ) | |
| v. ) | Case No. 1:09-mj-335 |
| ) | |
| WILLIAM S. POFF, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**FINDING AND ORDER ON TRANSFER PROCEEDINGS
PURSUANT TO RULE 5(c), FED. R. CRIM. P.**

The defendant having appeared before me for transfer proceedings pursuant to Rule 5(c) of the Federal Rules of Criminal Procedure, and having been informed of the rights specified in Rules 5 and 20, the following has occurred of record.

1. Defendant admitted identity and waived an identity hearing in writing.

2. No preliminary examination has been held, because an indictment has been returned.

3. The United States Attorney agreed to defendant's release on bond. The court therefore sets bond at $20,000, unsecured, and conditions of release, requiring defendant to appear before the United States District Court for the Western District of Washington as directed.

IT IS THEREFORE ORDERED that the defendant be held to answer in the district court in which the prosecution is pending.

DONE AND ORDERED this 3rd day of June, 2009.

/s/ Joseph G. Scoville
United States Magistrate Judge

Certified as a True Copy
By _____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 6-4-09

CLOSED

# United States District Court
# Western District of Michigan (Southern Division (1))
# CRIMINAL DOCKET FOR CASE #: 1:09-mj-00335-JGS-1
# Internal Use Only

Case title: USA v. Poff
Other court case number: CR09-160 JLR Western District of Washington

Date Filed: 06/03/2009
Date Terminated: 06/04/2009

Assigned to: Magistrate Judge Joseph G. Scoville

### defendant (1)

**William S. Poff**
*TERMINATED: 06/04/2009*

**Pending Counts**                          **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                       **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                              **Disposition**
1:1RF.F Rule 5 out of the Western
District of Washington

---

### Plaintiff
USA                                         represented by **Hagen W. Frank**
                                            U.S. Attorney (Grand Rapids)
                                            The Law Bldg.

Certified as a True Copy
By D. [signature]
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 6-4-09

330 Ionia Ave., NW
P.O. Box 208
Grand Rapids , MI 49501-0208
(616) 456-2404
Email: hagen.frank@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2009 | | ARREST (Rule 5) of William S. Poff (dmh) (Entered: 06/03/2009) |
| 06/03/2009 | 1 | ARREST WARRANT RETURNED EXECUTED; defendant William S. Poff arrested on 6/3/2009 (dmh) (Entered: 06/03/2009) |
| 06/03/2009 | | (Court only) ***Location LC start as to William S. Poff (dmh) (Entered: 06/03/2009) |
| 06/03/2009 | | (Court only) ***Attorney update in case as to William S. Poff; attorney Hagen W. Frank added for USA (dmh) (Entered: 06/03/2009) |
| 06/03/2009 | 2 | MINUTES held before Magistrate Judge Joseph G. Scoville; FIRST APPEARANCE in Rule 5 proceedings for defendant William S. Poff; deft admits identity and waives hearing; deft released on bond; no date provided by WD of WA for deft to appear in their district; (Proceedings Digitally Recorded) (Magistrate Judge Joseph G. Scoville, dmh) (Entered: 06/04/2009) |
| 06/03/2009 | 3 | WAIVER of Rule 5 and 5.1 hearings by William S. Poff (dmh) (Entered: 06/04/2009) |
| 06/03/2009 | 4 | BOND and ORDER setting conditions of release as to defendant William S. Poff (1) on $20,000.00 Unsecured Appearance bond; signed by Magistrate Judge Joseph G. Scoville; copy mailed to deft (Magistrate Judge Joseph G. Scoville, dmh) (Entered: 06/04/2009) |
| 06/03/2009 | 5 | FINDING AND ORDER on transfer proceedings pursuant to Rule 5(c), Fed. R. Crim. P. as to defendant William S. Poff ; signed by Magistrate Judge Joseph G. Scoville (Magistrate Judge Joseph G. Scoville, mmh) (Entered: 06/04/2009) |
| 06/04/2009 | 6 | COMMITMENT TO ANOTHER DISTRICT: defendant William S. Poff committed to Western District of Washington; signed by Magistrate Judge Joseph G. Scoville (Magistrate Judge Joseph G. Scoville, mmh) (Entered: 06/04/2009) |
| 06/04/2009 | | (Court only) ***Procedural P9 interval start as to William S. Poff, ***TERMINATED DEFENDANT William S. Poff, pending deadlines, and motions, ***MAGISTRATE JUDGE CASE TERMINATED as to William S. Poff pursuant to Rule 5 Transfer (dmh) (Entered: 06/04/2009) |
| 06/04/2009 | 7 | TRANSMITTAL LETTER notifying Western District of Washington re Rule 5 documents under case number CR09-160 JLR as to defendant William S. Poff (dmh) (Entered: 06/04/2009) |

**FILED - GR**
June 3, 2009 5:14 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /s/

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

_____WESTERN_____ DISTRICT OF _____MICHIGAN_____

UNITED STATES OF AMERICA

V.

_____William S. Poff_____
Defendant

**WAIVER OF RULE 5 & 5.1 HEARINGS**
(Complaint/Indictment)

CASE NUMBER: ___1:09-mj-335___

CHARGING DISTRICTS
CASE NUMBER: ___CR09-160 JLR___

I understand that charges are pending in the ___Western___ District of ___Washington___ alleging violation of ___18:1349 and 18:1956(h)___ and that I have been arrested in this district and
(Title and Section)

taken before a judge, who has informed me of the charge(s) and my rights to:

(1) ☐ retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) ☐ an identity hearing to determine whether I am the person named in the charges;

(3) ☐ a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4) ☐ Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

(✓) identity hearing

( ) preliminary hearing

( ) identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____/s/ William S. Poff_____
*Defendant*

_____June 03, 2009_____         _____
*Date*                              *Defense Counsel*

Certified as a True Copy
By /s/ D. Hand
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 6-4-09

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff

Case No. 1:09-mj-335

v.

WILLIAM S. POFF

        Defendant

## APPEARANCE BOND AND ORDER SETTING CONDITIONS OF RELEASE

( ) **RELEASE ON PERSONAL RECOGNIZANCE:** Defendant shall be released on his or her own recognizance subject to the conditions and provisions checked below:

(✓) **RELEASE ON UNSECURED APPEARANCE BOND:** Defendant shall be released after executing and swearing to this bond, subject to the conditions and provisions checked below:

I, the undersigned defendant, promise to pay the United States of America the sum of:

$ 20,000.00 (twenty thousand dollars)

to be levied of all my real and personal property forthwith if default be made. I also agree to abide by the additional conditions and provisions of release checked below upon penalty of revocation of my bond. I understand that if I fully comply with the conditions identified below, my obligation will be void; otherwise forfeiture of this bond for any breach of this condition may be declared by the Court and judgment entered for the amount above stated, together with interest and costs.

( ) **RELEASE ON SECURED APPEARANCE BOND:** Defendant shall be released after executing and swearing to this bond, subject to the conditions and provisions checked below:

I, the undersigned defendant, acknowledge that I and my personal representatives, jointly and severally, are bound to pay to the United States of America the following amount:
$_____,
such amount to be secured by:

    ( ) Real or personal property, to be evidenced by the following:

        ( ) Agreement to Forfeit Property

        ( ) Other _____

    ( ) Cash, certified check or money order, to be evidenced by the following:

        ( ) Receipt and Affidavit of Ownership

        ( ) Justification of Sureties and related documents

        ( ) Other _____

I further agree to abide by the additional conditions and provisions of release checked below upon penalty of revocation of my bond.

If the defendant appears as ordered or notified and otherwise obeys and performs all conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

Certified as a True Copy

By _____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 6-4-09

MIWD Appearance Bond and Order Setting Conditions of Release - Page 1 of 4 (Rev. 11/08)

## STANDARD CONDITIONS OF RELEASE

( ✔ )  I agree not to commit any offense under 18 U.S.C. § 1503 (influencing or injuring an officer, juror, or witness); 18 U.S.C. § 1512 (tampering with a witness, victim, or informant), or 18 U.S.C. § 1513 (retaliating against a witness, victim, or informant), or any other offense under federal, state or local criminal law.

( ✔ )  I agree not to use or possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

( ✔ )  I agree to personally appear at all proceedings as required by this Court, or such other Court as directed, at such times as required by the Court to answer to any complaint, indictment or information which may be filed against me, and not depart without leave thereof, and to obey any further orders and directions of the Court and shall surrender for service of any sentence imposed as directed.

( ✔ )  I agree to provide the Pretrial Services Officer written notice within twenty-four hours of any change of address, telephone number, or employment.

## ADDITIONAL CONDITIONS OF RELEASE

( ✓ ) 1. I understand that supervision by Pretrial Services ( ✓ ) is ( ) is not required by the Court. If required, I agree to report to the Pretrial Services Officer as directed.

(   ) 2. I understand that all the current terms and conditions of supervision remain in effect, and are made a part of this bond.

( ✓ ) 3. I agree to remain in _the Continental United States_____ unless I have the previous consent of the Pretrial Services Officer or the Court.

(   ) 4. I agree to report as soon as possible to the Pretrial Services Officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(   ) 5. I agree to submit to urinalysis or other drug testing, treatment and/or counseling if so directed by the Pretrial Services Officer and shall pay at least a portion of the cost according to my ability as determined by the Pretrial Services Officer.

(   ) 6. I agree to undergo medical or mental health assessment, treatment and/or counseling as directed by the Pretrial Services Officer and shall pay at least a portion of the cost according to my ability as determined by the Pretrial Services Officer.

(   ) 7. I agree not to:   ( ) use or possess any alcohol.
                          ( ) use alcohol excessively.
                          ( ) have alcoholic beverages in my home.
                          ( ) enter any establishment whose primary function is the serving of alcohol (e.g. bars).

(   ) 8. I agree not to possess a firearm, destructive device, or other dangerous weapon and that all such items shall be removed from my place of residence.

(   ) 9. I agree to maintain or actively seek employment.

(   ) 10. I agree to maintain or commence an education program.

(   ) 11. I agree not to apply for or enter into any loan or other credit transaction without the previous written permission of the Pretrial Services Officer.

( ✓ ) 12. I agree to surrender any passport currently in my possession to
          _(not to obtain any passport)_____ and not to obtain any passport in the future.

(   ) 13. I agree to remove all computers from my home and to have no Internet access.

(   ) 14. I agree not to:

    ( ) have unsupervised contact with minors or to frequent places where children are generally found.

    ( ) *possess or access any materials, including pictures, photographs, books, writings, drawings, videos or video games, depicting and/or describing child pornography as defined by 18 U.S.C. § 2256(8).*

   (   ) possess any sexually stimulating or sexually oriented material deemed inappropriate by the probation officer and/or treatment staff.

   (   ) patronize or be in or around places where sexually explicit materials or stimuli are available (i.e. nude dancing clubs, pornography shops, etc.).

(   ) 15. I agree to avoid all contact, directly or indirectly, with any persons who are or who may become a witness, victim or informant in the subject investigation or prosecution, including but not limited to:

_____
_____
_____

(   ) 16. I agree to avoid all contact, directly or indirectly, with any persons who are or who may become a co-defendant in the subject investigation or prosecution, including but not limited to:

_____
_____
_____

(   ) 17. I agree to reside at _____ and will abide by all rules and regulations of the program. Additionally, I am:

   (   ) eligible for work release.
   (   ) not eligible for work release.
   (   ) required to appear before the Court upon completion of or release from the program, as directed by the Pretrial Services Officer.

(   ) 18. I agree to participate in the following home confinement program and will abide by all the requirements of the program and shall pay at least a portion of the cost according to my ability as determined by the Pretrial Services Officer.

   (   ) With Electronic Monitoring: I am restricted to my residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Officer. I shall maintain a telephone in the residence void of special services (modems, answering machines, cordless telephones etc.)

   (   ) Without Electronic Monitoring: I am restricted to my residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Officer.

(   ) 19. I agree to reside with/at _____.

(   ) 20. I agree to being placed in the custody of _____.

   I, the third party custodian, agree (a) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (b) to notify the court immediately in the event the defendant violates any conditions of release.

      Signed:_____     _____
             Custodian          Date

(   ) 21. I agree to abide by the following curfew: I am restricted to my residence every day from _____ to _____ or as directed by the Pretrial Services Officer.

(   ) 22. I agree not to enter into any agreement to act as an informer or agent of law enforcement agency without the permission of the court.

(   ) 23. I agree to cooperate in the collection of a DNA sample pursuant to 42 U.S.C. §14135a.

( ✓ ) 24. I agree to the following additional conditions:

Not dispose of or encumber any real or personal property without prior approval of pretrial services officer except for ordinary living expenses.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## DECLARATION OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I agree and understand that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as I am exonerated. I am aware of the penalties and sanctions set forth above.

X _____
Signature of Defendant

( ✓ ) This bond was sworn to and signed before a Deputy Clerk of Court or Judicial Officer.

## ORDER AND DIRECTIONS TO THE UNITED STATES MARSHAL

( ✓ ) The defendant is ORDERED released after processing.

(   ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.

Date  6-3-09

_____
U.S. MAGISTRATE JUDGE