| | |
|---|---|
| 1 | The Honorable James L. Robart |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NO. CR09-160JLR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | UNITED STATES' SUPPLEMENTAL |
| | ) | SENTENCING MEMORANDUM |
| WILLIAM S. POFF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Sentencing Date: September 13, 2010 |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Sarah Y. Vogel and Michael E. Scoville, Assistant United States Attorneys, files this Supplemental Sentencing Memorandum in anticipation of the upcoming sentencing hearing for Defendant William S. Poff, scheduled for Monday, September 13, 2010. Defendant stands convicted, following a bench trial, of thirty criminal counts as charged in the First Superseding Indictment, including Conspiracy to Commit Bank and Wire Fraud, several substantive counts of Bank and Wire Fraud, Conspiracy to Engage in Money Laundering,

and several substantive Money Laundering counts.[1]

## SUPPLEMENTAL GUIDELINES CALCULATION

Paragraph 69 of the Presentence Report ("PSR") dated June 7, 2010, should be amended to include a two-level upward adjustment for obstructing or impeding justice, pursuant to USSG § 3C1.1. Despite signing an appearance bond promising to appear for all court appearances, *see* Dkt. 33, Defendant wilfully failed to appear before this Court for sentencing as originally scheduled on June 14, 2010. Instead, that same day, he filed a "Notice of Non-Appearance" in which he announced his intention not to appear "for the scheduled Sentencing of June 14, 2010." Dkt. 204 at 4. Poff explained that he was being "irreparably harmed by fraud," and that he would not accept this Court's sentence. *Id.* This Court ordered a warrant to be issued, and Poff did not surface again until he was arrested on that warrant and forced to appear. Dkt. 216.[2]

The two-level enhancement provided by USSG § 3C1.1 is applicable where a defendant "wilfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." USSG § 3C1.1. The obstructive conduct also must have related either to the instant offense, or a closely related offense. *Id.* The application notes to this section of the Guidelines provide several specific examples of covered conduct, including a circumstance where a Defendant "wilfully fail[s] to appear, as ordered, for a judicial proceeding." USSG § 3C1.1, App. n.4(e). Because Poff wilfully failed to appear for his sentencing hearing on the instant matter, and because his absence was an intentional and deliberate attempt to impede and obstruct the imposition of his sentence and the administration of justice in his case, including an attempt to avoid the award of restitution to his victims, the Court should apply the two-level enhancement.

---

[1] The remaining charges in the First Superseding Indictment naming Poff were dismissed prior to trial. Dkt. 158. The United States' initial Sentencing Memorandum was filed in June, 2010, in anticipation of the original sentencing date. *See* Dkts. 198 & 200.

[2] The United States is not seeking to forfeit the unsecured bond pledged by Poff upon his original arrest, as that would only take funds away from the victims of his crimes who are expected to be awarded restitution upon final sentencing.

1    Accordingly, the United States respectfully suggests that the total combined offense level
2    is 35 and the Criminal History category is I, resulting in a Guidelines range of 168-
3    210 months' imprisonment.

## SENTENCING RECOMMENDATION

5    The United States recommends that the Court impose a sentence at the low end of
6    this Guidelines range. The United States respectfully suggests that for the reasons
7    discussed at length in its original Sentencing Memorandum, and with the additional need
8    to address Defendant's wilful failure to appear at sentencing, this term of imprisonment is
9    "sufficient, but not greater than necessary" to comply with statutory sentencing purposes.
10    18 U.S.C. §§ 3553(a).
11    //
12    //
13    //

**RESTITUTION**

Attached to this Memorandum is an updated chart summarizing known victims' pecuniary losses attributable to Poff and Ikilikyan and Thompson. This attachment is identical to the schedule of restitution entered by the Court in the amended Judgments filed for co-defendants Thompson and Ikilikyan on August 30, 2010. We respectfully request that the Court order restitution as outlined in the attachment.

DATED this 31st day of August, 2010.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

 *s/ Sarah Y. Vogel*
SARAH Y. VOGEL
Washington State Bar No. 35966
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:	(206) 553-2074
Fax:	(206) 553-4440
Email: Sarah.Vogel@usdoj.gov

*s/ Michael E. Scoville*
MICHAEL E. SCOVILLE
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone:	(206) 553-2465
Fax:	(206) 553-4440
E-mail: Michael.Scoville@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that the foregoing was served on Defendant William Poff, via U.S. Mail, to wit:

William Poff
Register No. 14361
FDC SEATAC
Federal Detention Center
PO Box 13900
Seattle, Washington 98198

*s/Karen Wolgamuth*
KAREN WOLGAMUTH
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5050
FAX:   (206) 553-4440
E-mail: karen.wolgamuth@usdoj.gov