**Judge Robart**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. CR09-160JLR |
| Plaintiff, ) | |
| v. ) | POFF'S (STANDBY COUNSEL) |
| ) | MEMO ON SENTENCING |
| WILLIAM S. POFF, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INTRODUCTION

William S. Poff is a patriotic man who served this country for ten years in the Marine Corps and has the highest respect for both the United States and this court. Unlike many defendants with the same constitutional outlook, Mr. Poff's behavior and attitude in dealing with the court, the U.S. Attorney and counsel has been respectful.

Mr. Poff has strong and sincere beliefs including that this court does not have jurisdiction to try him for these offenses. He felt that the only way that he could present and preserve those convictions was to go to trial as a *pro se* defendant. He was aware that it would be difficult if not impossible for a defense attorney to present those arguments. He chose a bench trial partly because he had faith in the integrity and fairness of the court and could not understand that his

SENTENCING MEMO 1

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 623-2800

positions were misguided.

Part of the justification for the lengthy sentence advocated by both probation and the government is his failure to accept responsibility. He cannot accept responsibility and still preserve his appellate arguments, such as they are. He should not be penalized for exercising his constitutional right of trial and appeal. There is no basis for concluding that his failure to accept responsibility to preserve those rights increases his risk of recidivism.

## MR. POFF SHOULD NOT BE PENALIZED FOR EXERCISING HIS CONSTITUIONAL RIGHT TO TRIAL

It is well established that a defendant cannot receive an increased punishment for exercising his constitutional right to stand trial, although a defendant gives up the benefit of a plea bargain if he rejects it and chooses to be tried. *United States v. Carter*, 804 F.2d 508, 513 (9th Cir. 1986)("An accused may not be subjected to more severe punishment for exercising his constitutional right to stand trial.")

Extreme disparity in sentencing a defendant who goes to trial and a defendant charged with identical offenses and of equal culpability who pleads raises the inference that the court penalized that defendant for exercising his right to trial and is prohibited. *Government of Virgin Islands v. Walker*, 261 F.3d 370, 376 (2001 3rd Cir.) (In this extreme case the judge was involved in plea bargain, sentenced the defendant charged with a non-violent crime who went to trial to the maximum sentence of 23 years versus 2 years for his pleading co-defendant; reversed for trial judge's involvement in plea bargaining.) Although this case is different from Mr. Poff's case, it should be noted that the sentence advocated by probation and the government, 135 months, is more than twice the 51 month sentence this Court imposed for co-defendant Tony Reyes, who was a licensed real estate and mortgage broker and recruited Mario Marroquin.

The Government's first Sentencing Memorandum states that "Ikilikyan and Thompson are facing expected Guideline ranges roughly the same as Reyes's, but they are likely to receive reductions for substantial assistance, having testified at trial against Poff." (Dkt. 198, p8)  This is

SENTENCING MEMO 2

ROBERT W. GOLDSMITH
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 623-2800

incorrect, Ikilikyan's Guideline range should be similar to Mr. Poff's, except for the acceptance of responsibility adjustment.  (The government seems to concede they are equal partners in crime in its original Sentencing Memo (doc # 198, pp 2 and 3) where it summarizes seven different activities of the conspiracy that "Together, Poff and Ikilikyan worked to:") Thus they both participated in the same transactions and were responsible for the same loss. This is also borne out by the government's restitution attachment, wherein both Poff and Ikilikyan will presumably owe identical amounts.  (Doc # 234-1)  Iklikiyan was also a licensed real estate and mortgage broker. Although we recognize that Ikilikyan ultimately received credit for her cooperation, the court also noted that both her testimony and Thompson's testimony were not entirely credible.  Despite that, this Court gave Ikilikyan 28 months and Thompson 18 months.

      Thus, the recommendation of a 135 month sentence for Mr. Poff is grossly disproportionate to the expected sentences of the co-defendants, especially Ikilikyan and Reyes. 18 USC § 3553(a)(6) directs the court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## GUIDELINE CALCULATIONS

      Mr. Poff should not receive a two level upward adjustment under USSG § 3B1.1(c) as an organizer, leader, manager, or supervisor. Mickey Thompson was supervised by her boss and owner of Great American Escrow, attorney Chris Benson. Since Ms. Thompson was not a licensed escrow officer, Mr. Benson was required to supervise her and was personally responsible for compliance with escrow regulations. Ms. Thompson testified that her attorney employer did not supervise her and was only interested in the money he was making and the number of files closed. She also testified that she forged signatures to close transactions.  Mr. Poff did not exercise the type of authority over Ms. Thompson that would warrant this upward adjustment. Tony Reyes who recruited Marroquin and completed loan applications in Reyes name did not receive any adjustment for this recruitment. (See Application Note 4 to §3B1.1 "recruitment of accomplices" is one factor to consider.)

SENTENCING MEMO 3

Mr. Poff should also not receive a two level upward adjustment for abuse of a position of trust, USSG § 3B1.3. Mr. Poff had no special training or skill such as lawyers, doctors, accountants etc. (Application Note 4.) He was a notary public and acted as an unlicensed loan officer acting through a licensed mortgage broker. To be sure, a notary public requires no skill, special or not, and it would be a mockery of that adjustment if it were imposed on that basis. §3B1.3 states that "if this adjustment is based solely on use of a special skill, it may not be employed in addition to an adjustment under 3B1.1 for aggravating role." However, it can be applied in addition to 3B1.1 "if it is based on abuse of a position of trust." We submit that Mr. Poff did not act in a position of trust as he was not an employee, fiduciary or agent of some other institution that trusted him. (See Application Note 1, detailing attorneys and bank executives who embezzle client funds as examples.)

Without the adjustments discussed above, Mr. Poff's sentencing Guideline should be as follows:

```
Base offense level         7
2.5 million loss          18
more than 10 victims       2
money laundering           2

total offense level       29
```

Criminal History is Level I, which provides for a 87 – 108 month range.

**THE SENTENCING FACTORS THE COURT SHOULD CONSIDER**

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L. Ed. 2d 621 (2005) the Supreme Court held that the United States Sentencing Guidelines were advisory rather than mandatory, and that a sentencing court was to consider statutory factors, such as those set forth in 18 U.S.C. § 3553(a), in tailoring a sentence to a particular case. The guidelines do not subordinate the other factors listed in § 3553 (a). *United States v. Santoya*, 2007 U.S. Dist. Lexis 46322 (E.D. Wisconsin, June 25, 2007). In fact, at sentencing, there is not a legal presumption that a guideline sentence should be imposed. *Rita v. United States*, ___U.S.___, 127 S.Ct. 2456, 168 L.Ed.2d 203, 314 (2007); *Booker, supra*, 543 U.S. at 259-260.

Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than

SENTENCING MEMO 4

necessary, to comply with the purposes set forth in paragraph (2)." § 3553 (a)(2) states that such purposes are:

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553 (a) further directs the Court to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The requirements of § 3553 (a) that instructs the Court to "impose a sentence **sufficient but not greater than necessary…**" is reemphasized in Title 18 § 3582 governing imposition of sentences of imprisonment. That section specifically states the Court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining **the length of the term**, shall consider the factors set forth in § 3553 (a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (emphasis added)

## SENTENCES IN OTHER MORTGAGE FRAUD CASES

In *United States v. Baydovskiy*, CR 09-084, the parties stipulated to a loss of 2.5 to 7 million dollars. Defendant Viktor Kobzar received a 4 point enhancement for a leadership role and 2 points for 10 or more victims for an adjusted offense level of 27 and a guideline range of 70-87 months. Nevertheless, the government allowed him to plead under the general conspiracy statute, 18 USC 371, which has a 5 year maximum sentence. Mr. Poff was charged under the conspiracy to commit bank and

SENTENCING MEMO 5

wire fraud statute, 18 USC 1349 with a 30 year maximum.

Kobzar and his co-defendant Baydovskiy received 60 month sentences, while co-defendants Camie Byron, David Sobol and Alla Sobol who had approximately the same sentencing calculation, received 24 months.  To be sure, the scale of that fraud was on the same level as the one before this court.  Yet the government and probation are pushing for a sentence more than twice as high as that case.

## CONCLUSION

A sentence in approximately the same range or perhaps slightly longer than Tony Reyes is appropriate. This will permit Mr. Poff to begin to make restitution payments. It is also a lengthy sentence and will send a strong message to the community as well as punish and deter Mr. Poff. If he did not feel compelled to litigate his constitutional beliefs he could have pled and received a sentence in this range.

Such a sentence is sufficient but not greater than necessary.

Dated: 10 Sept. 2010.                               Respectfully submitted,


/s/_____
Robert Goldsmith, WSBA # 12265
Attorney for Defendant
Email: bobgoldsmith2@juno.com

SENTENCING MEMO 6

ROBERT W. GOLDSMITH
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 623-2800

CERTIFICATE OF SERVICE

I hereby certify that on the 10th[d] day of Sept, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to the Assistant U.S. Attorney, counsel of record for the Government.

DATED this 10th[d] day of Sept, 2010.

_/s/ R. Goldsmith_____
Robert Goldsmith, WSBA # 12265
Email: Bobgoldsmith2@juno.com
Attorney for defendant

SENTENCING MEMO 7

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 623-2800